**Russell KEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45916.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Dist. Atty. and Billy M. Bandy, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. Punishment was assessed by the jury at five years.

Appellant challenges the sufficiency of the evidence to convict him for burglary of a service station, near Alvin, on the night of May 19, 1971.

James King, operator of an Enco service station, on Highway 35 north of Alvin, testified that after he had closed the station on the night of April 19, 1971, some-one broke into the building, forced entry into a cigarette machine and removed an undetermined amount of money therefrom.

Officer Sosa, of the Angleton Police Department, testified that he responded to a burglary alarm at Clyde's Jewelry in Angleton about 1:26 A.M. on May 20, 1971. As Sosa approached the store in his car, he observed two men run from the store, get in an automobile and drive away at a high rate of speed. Sosa radioed for assistance and pursued the fleeing vehicle until he lost sight of it. When Sosa arrived at a police road block in East Columbia a few minutes later, he determined that the vehicle he pursued had been stopped, and that appellant had been taken into custody.

Officer Hester, of the West Columbia Police Department, testified that he set up the road block near East Columbia which resulted in the stopping of a speeding vehicle in which appellant and one James LaBone were the occupants. Hester further testified that appellant and LaBone exited the auto and ran from the officers, and that appellant did not surrender until warning shots were fired. A search of the vehicle revealed watches and jewelry in the back seat and a quantity of coins in a cloth container in the trunk.

Co-defendant LaBone was called as a witness by the State and testified that he entered the service station in question through a window and removed money from a cigarette machine after which he broke into cigarette and candy machines outside other buildings. LaBone further testified that he broke the window of a jewelry store in Angleton and, as he was throwing some jewelry he had taken therefrom into the back seat of the car, he "seen the law coming up over a little old hill by the red light . . . ." According to LaBone, he and appellant had been drinking vodka and beer earlier in the night; appellant had passed out and was asleep in the back seat of the car during all of the foregoing events, and that appellant was not aware of what had been going on until "the fast driving took place. He kind of—it kind of shook him

up a little bit—and asked what was going on and I told him that I knocked out a little jewelry stuff and so forth. I told him I had done a little burglarizing so far." The State claimed surprise and was allowed to impeach LaBone with a written statement he had given in which LaBone stated appellant had participated in several burglaries with him including the burglary of the service station in question. Upon further examination, LaBone stated that he was testifying truthfully when he said appellant was asleep in the car and did not participate in the service station burglary.

 The written statement of LaBone, whether properly admitted or not,[1] was admitted only for impeachment purposes, is without probative value and cannot be considered in determining the sufficiency of the evidence to support the conviction. Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Wall v. State, Tex.Cr.App., 417 S.W.2d 59; Shivers v. State, Tex.Cr.App., 374 S.W.2d 672. In the instant case, the court, in its charge, instructed the jury in accordance with the holdings in the foregoing cases with regard to the admission of the written statement of the witness LaBone. Thus, the testimony of LaBone, insofar as it can be considered as primary evidence, serves only to place appellant in the car, drunk or asleep at the time of the burglary, and without knowledge of the commission of this or any other crime on the night in question until the high speed chase which resulted in the arrest of LaBone and appellant.

The State's reliance on English v. State, Tex.Cr.App., 441 S.W.2d 195 and Dominguez v. State, Tex.Cr.App., 461 S.W.2d 417, in urging that unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for theft of property, is misplaced. In the instant case, unlike Dominguez v. State, supra, and English v. State, supra, neither the jewelry nor the bag of coins found in the vehicle after appellant was arrested was identified as having come from the service station where the burglary occurred. Thus, the only evidence tending to connect appellant with the burglary of the service station is the testimony of co-defendant LaBone that appellant was passed out and asleep in the car when LaBone entered the service station and took money from the cigarette machine. Such evidence is insufficient to support the conviction for burglary.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. See Perkins v. State, Tex.Cr.App., 433 S.W.2d 712, on the question of proper predicate for State to impeach its own witness.