Jose Rogelio CONTRERAS, Juan Antonio Contreras, Jorge Luis Herrera, and Ruben Rocha, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 04–87–00095–CR, 04–87–00098–CR.

Court of Appeals of Texas, San Antonio.

March 22, 1989.

Charles R. Borchers, Person, Whitworth, Ramos, Borchers & Morales, Laredo, Abdon Ibarra, Jr., for appellants.

Rogelio Rios, Asst. Crim. Dist. Atty., Laredo, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

In a consolidated trial, the jury found all four defendants guilty of murder and assessed punishment at thirty years confinement for appellant Herrera and fifty years each for the other three appellants. Appellants advance three points of error. The first point pertains to an out of court statement used by the State to impeach its own witness. In their second point, appellants complain of the sufficiency of the evidence. The third point addresses ineffective assistance of counsel. We reverse the judgment of the trial court and remand the cause for a new trial.

In their first point of error, appellants contend that the trial court erred in admitting a certain out of court statement. Genaro Contreras, father of two of the appellants, uncle of the third and friend of the fourth signed and swore to the statement in question in the presence of Lieutenant Ismael Alardin and Sergeant Arturo Perez, both of the Laredo Police Department. According to the statement, appellants told Contreras that they had killed Cesar Cesarez, the victim named in the indictment, and Isabel Villarreal.

At trial, the State called Contreras and questioned him about whether appellants had admitted to him that they had killed Cesarez. Contreras denied that they had made such an admission to him. The prosecutor handed Contreras the statement he had made before the police officers. Contreras testified that Lieutenant Alardin had forced him to write the statement. According to Contreras, had he not made the statement, Alardin and Sergeant Perez would turn him over to the Judicial Police in Mexico. The officers denied any coercion.

Even after reading his statement to refresh his memory, Contreras continued to insist that appellants did not admit to him that they had committed the offense. At that point, the State requested Contreras to read his prior statement in order to impeach him. Over appellants' hearsay objection, the trial court required Contreras to read his out of court statement and admitted the statement as State's Exhibit Number 125. There was no limiting instruction that the statement could be used only for impeachment and not as probative evidence of guilt. *Goodman v. State,* 665 S.W.2d 788, 792 n. 2 (Tex.Crim.App.1984); *Key v. State,* 492 S.W.2d 514, 516 (Tex.Crim.App. 1973); *Wall v. State,* 417 S.W.2d 59, 62 (Tex.Crim.App.1967).

In defending the admissibility of the sworn statement by Genaro Contreras, the State relies on the case of *Russell v. State,* 598 S.W.2d 238, 254 (Tex.Crim.App.1980) for the correct proposition that an admission by an accused to a third party is not hearsay and is clearly admissible. *Russell,* however, is distinguishable from the case presently before the court in that the witness in *Russell* voluntarily testified to the admission of the defendant and impeachment was not an issue.

■ Rule 607 of the Texas Rules of Criminal Evidence provides that the credibility of a witness may be attacked by any party, including the party calling him; therefore, it was proper for the prior written statement to be used for impeachment of the witness Genaro Contreras. We are presented, however, with the issue of whether the failure to limit the use of the statement to impeachment was error. If we determine that the trial court committed error, we must reverse the judgment, unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2).

■ Much emphasis was placed on the fact that the statement in question was given before a notary public. Presumably, the assertion is that the oath takes the prior inconsistent statement out of the realm of hearsay. This is not true, however, because TEX.R.CRIM.EVID. 801(e)(1)(A) provides that such statements are non-hearsay only if they were made under oath "at a trial, hearing, or other proceeding except a grand jury proceeding, or in a deposition." The sworn statement in issue in this case was not given in any of those arenas.

In reviewing the record, it is undisputed that the only direct evidence linking the defendants to the decedent is the Genaro Contreras statement. The circumstantial evidence which tends to link the defendants with the decedent is as follows:

(1) The defendant Jose Rogelio Contreras received a gram of heroin from the decedent the day before decedent's death.

(2) At 7:30 on the morning of his death, the decedent said that he was going to see Jose Rogelio Contreras to collect money for the heroin.

(3) The day after the homicide, a van was found parked at the location where the defendant Jorge Luis Herrera lived.

(4) The van had been seen recently in the possession of Jorge Luis Herrera.

(5) In the van were found traces of blood and a .45 caliber bullet which matched the blood of the decedent and a .45 caliber bullet found in the body of the decedent.

(6) The four defendants had been together for some period of time during the afternoon and evening of the day on which decedent died.

In reading the jury summation of the State's attorney, we find that the State relied heavily in its argument that the compelling evidence of Geraro Contreras' statement required a conviction. Given the circumstantial nature of the balance of the State's evidence and given the significant reliance by the State on the Genaro Contreras statement, we cannot say, beyond a reasonable doubt, that the unlimited admission of the statement did not contribute to the convictions. Appellants' first point of error is sustained.

Appellants challenge the sufficiency of the evidence in their second point of error. In determining the sufficiency of the evidence, the reviewing court must consider all the evidence, whether properly or improperly admitted. *Beltran v. State,* 728 S.W.2d 382, 389 (Tex.Crim.App.1987). This rule applies because the admission of illegal evidence is trial error and, therefore, the proper remedy is to reverse and remand the cause for new trial. *Id.*

In the instant case, the jury had before it the circumstantial evidence set forth above plus the erroneously admitted statement of Genaro Contreras. The statement contained the admission of the appellants. With the inclusion of the improperly admitted evidence, for the purpose of this appellate review, we find the evidence to be sufficient. Point of error number two is overruled.

Based on our disposition of appellants' first two points of error, we need not address the remaining point. The judgments of the trial court are reversed and the causes are remanded for new trial.