David Rosalez BERMUDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–369–CR.

Court of Appeals of Texas,
Corpus Christi.

May 12, 1994.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. & County Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before SEERDEN, C.J., and GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, David Rosalez Bermudez, was convicted by a jury of indecency with a child. The court assessed punishment at three years in prison. Appellant raises twenty-nine points of error. We find appellant's sufficiency points dispositive. We reverse and remand for acquittal.

### Factual Background

An indictment was secured against appellant based on statements allegedly made by

his girlfriend's nine-year-old daughter, Monica. The mother reported the outcries to the police and signed a sworn statement detailing what Monica had recounted to her and others. Monica also gave a statement to the police. Based on these statements, appellant was arrested and charged with two counts of indecency with a child. See Tex.Penal Code Ann. § 21.11(a)(2) (Vernon 1989). Appellant pled "not guilty" to both counts. The trial court instructed a verdict on Count II, the Pharr incident, in favor of appellant. The jury convicted appellant on Count I, the alleged McAllen incident.

### Sufficiency of Evidence

By his first and twenty-fifth points of error, appellant contends that the evidence adduced at trial is insufficient to sustain his conviction.

In determining the merits of an insufficiency claim, we review the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Crim.App.1991); Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), cert. denied, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); Prophet v. State, 815 S.W.2d 836, 837 (Tex.App.—Corpus Christi 1991, no pet.).

The charge in the instant case instructed the jury on the elements of indecency with a child as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 25th day of August 1991, in Hidalgo County, Texas, the Defendant, DAVID ROSALEZ BERMUDEZ, did then and there intentionally with intent to arouse and satisfy his sexual desire, expose part of his genitals, knowing that MONICA LUISA MORALES, a child younger than 17 years and not the spouse of the said DAVID ROSALEZ BERMUDEZ, was

present; then you will find the Defendant guilty as charged in Count One of the Indictment.

You are instructed that before you would be warranted in finding the Defendant guilty ... you must find beyond a reasonable doubt that the Defendant, DAVID ROSALEZ BERMUDEZ, exposed part of his genitals knowing MONICA LUISA MORALES was present, and you must further find beyond a reasonable doubt that the Defendant, DAVID ROSALEZ BERMUDEZ, exposed part of his genitals, if he did, with the specific intent to arouse and gratify his sexual desire.

■ Appellant alleges, in part, that the State offered no evidence that he intentionally exposed himself to the child and no evidence that any exposure occurred with intent to arouse and satisfy his sexual desire. We agree.

### Outcry Testimony

Approximately three months after the initial contact with police, and six weeks prior to trial, Monica recanted her outcry story. She gave a sworn, written statement to appellant's attorney asserting that she had lied because her grandmother had told her to tell the stories. Monica repeated her recantation at trial. She said it was not true that appellant had ever "showed his naked penis area" to her. Monica testified that while she had seen "David's privates" at the hotel in Pharr, it was the result of her dislodging a blanket which covered him; she had tripped over the blanket while walking past the bed. She recounted that in McAllen appellant had been wearing "white underwear."

Monica's mother, the first person over eighteen years of age to be told the details of the alleged incidents by the child, was the State's outcry witness. To establish the admissibility of Monica's outcry statements to her mother as substantive evidence against appellant in the face of Monica's recantations, a 38.072 section 2(b)(2) hearing [1] was held without the jury present. The State,

---

**1.** This provision of the Code of Criminal Procedure mandates, as one requirement to obtain admissibility for outcry testimony, that "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement."

suspicious that the mother would also recant, informed her that perjury charges could be filed against her should she change her testimony. Only after a grant of immunity from prosecution for perjury would the mother agree to testify. Her testimony differed from what she had originally told investigating officers. After hearing her testimony and argument of counsel, the trial court found "that the statement by Monica Morales to Irasema Morales is reliable based on the time, the content and the circumstances of the statement."

The mother was then called as a hostile witness by the State and proceeded to testify in front of the jury about Monica's alleged outcries to her. She stated that Monica had told her only of an *accidental* glimpse of appellant's naked body in the Pharr incident, when the child tripped over the blanket. She also testified that Monica told her of seeing appellant *in his underwear* in McAllen. The State attempted to impeach the mother with her prior sworn statements given to police. The mother admitted that she had told the police and protective services personnel a different story, but stated that she had lied because she was frustrated and angry with appellant.

 Outcry testimony, which has been admitted at trial pursuant to the requirements of the Code of Criminal Procedure, article 38.072, is substantive evidence which may sustain a jury verdict. See Tex.Code Crim.Proc.Ann. art. 38.072; *Villalon v. State,* 791 S.W.2d 130, 135 (Tex.Crim.App.1990). The probative value of the outcry testimony remains intact even when the victim testifies at trial "inconsistently with her prior statement." *Chambers v. State,* 805 S.W.2d 459,

461 (Tex.Crim.App.1991).[2] While the child's recantation may be irrelevant here, the mother's recantations are not. The "outcry" statements, admitted at trial through the mother's testimony, not only fail to support the conviction, but directly repudiate the State's case. No rational trier of fact could have found appellant guilty beyond a reasonable doubt based on the testimony of this outcry witness. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *Geesa,* 820 S.W.2d at 157.

### Other Evidence

The State relied heavily on the prior inconsistent statements of Monica and her mother. Most of the direct examination of both witnesses by the State was inquiry about what they had told others on various occasions. However, all of these out-of-court statements, except Monica's sworn recantation, were admitted only for the limited purpose of impeachment. Without objection from the State, the trial court instructed the jury:

> You are further instructed that a witness may be impeached by showing that he or she has made other and different statements from those made at the time of the trial. Such impeachment evidence may be considered by you in determining the weight and credibility to be given the testimony of the witness at the time of the trial; however, such impeaching evidence, if any, is not to be considered by you as any evidence to establish the guilt of the Defendant, if any.

> Therefore, you are instructed that, other than Defendant's Exhibit 1,[3] the other out of court statements of MONICA LUISA

---

2. The *Chambers* Court qualified its holding by observing that "it is questionable whether this was a true repudiation." The court also noted that:

 > [T]his was not a situation in which the only evidence of guilt was the prior statement. There was additional circumstantial evidence from other witnesses which tended to corroborate the child's prior videotaped statement. Thus, the jury was not placed in the position of speculating whether, in the face of her recantation, there was sufficient evidence to show appellant committed the offense.

*Chambers,* 805 S.W.2d at 461 & n. 4 (distinguishing *United States v. Orrico,* 599 F.2d 113 (6th Cir.1979) and *State v. Moore,* 485 So.2d 1279 (Fla.1986)).

Because the outcry testimony of the mother in the instant case provided no evidence favorable to the State, we need not decide whether the rule of *Chambers* applies to cases in which unequivocally repudiated outcry testimony is the only evidence of guilt.

3. This exhibit was the child's sworn recantation given to appellant's attorney six weeks before trial.

**230** 

MORALES and IRASEMA MORALES[4] were admitted in evidence for the limited purpose of impeaching the said witness, MONICA LUISA MORALES and/or IRASEMA MORALES, and you cannot consider said statements as evidence to establish the guilt of the Defendant.

 The sufficiency of the evidence must be measured against the charge submitted to the jury. *Garrett v. State,* 749 S.W.2d 784, 802–03 (Tex.Crim.App.1988); *Mireles v. State,* No. 13–92–523–CR, slip op. at 4, 1994 WL 93914 (Tex.App.—Corpus Christi March 24, 1994, no pet. h.). Evidence admitted for the limited purpose of impeachment should not be considered by the jury as direct evidence of guilt. *Gutierrez v. State,* 628 S.W.2d 57, 65 (Tex.Crim.App.1982); *Key v. State,* 492 S.W.2d 514, 516 (Tex.Crim.App. 1973). Therefore, none of the out-of-court statements could be used by the jury to convict appellant. *Id.*

Without outcry testimony supportive of its case, and with no prior statements admitted for substantive use, the State must show some other evidence to sustain appellant's conviction. The State directs our attention to three instances where Monica, under direct examination, answers affirmatively to some variation on the question: "And you saw David's private parts, is that right, on August—on or about August 25th, is that right?" The State then directs us, without specific reference, to evidence of extraneous offenses to establish the requisite intent. The jury was instructed that it could use any testimony of similar offenses to find that appellant acted with specific intent to arouse and gratify his sexual desire, if the jury believed beyond a reasonable doubt that appellant committed such other offenses. The alleged extraneous offenses were an incident in Houston and the Count II Pharr incident. The court's charge to the jury included the instruction: "You are not to consider the evidence introduced as to Count Two in determining your verdict as to Count One." Additionally, the only evidence of either extraneous offense was that contained in the out-of-court statements of Monica and her mother. Those statements had been specifi-

cally limited to impeachment purposes only, and could not therefore be used as substantive evidence of intent. *Gutierrez,* 628 S.W.2d at 65. The State is left with only the admission of the child that she saw appellant's "private parts." Viewing this evidence in the light most favorable to the verdict, we hold that no rational trier of fact could have found each element of the offense of indecency with a child beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *Geesa,* 820 S.W.2d at 157. We sustain appellant's insufficiency points.

Having sustained on this ground, it is unnecessary to consider appellant's remaining points of error. Tex.R.App.P. 90(a).

Because the conviction must be REVERSED for insufficiency of the evidence to support the finding of guilt, the cause is REMANDED to the trial court with an order to ENTER JUDGMENT OF ACQUITTAL. *Baker v. State,* 781 S.W.2d 688, 691 (Tex.App.—Fort Worth 1989, pet. ref'd) (citing *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)).

---

4. Irasema Morales is the child's mother to whom the original outcry was allegedly made.