TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00163-CR







Romualdo Calixto, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0993198, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A pickup truck driven by appellant Romualdo Calixto forced another truck driven by
Enrique Rodriguez to the side of the road. Silvestre Martinez Calixto, in the truck with his brother
Romualdo, then fired at least ten gunshots at Rodriguez. Four bullets struck Rodriguez, killing him. 
At a joint trial, a jury found both appellant and Silvestre Calixto guilty of murder and assessed
punishment at imprisonment for life. See Tex. Pen. Code Ann. § 19.02 (West 1994). Appellant
brings forward twelve points of error asserting error in the admission of evidence and in the jury
charge, and complaining that his trial counsel was ineffective. We will overrule these points and
affirm appellant's conviction. (1)

Rodriguez's murder was the outgrowth of a feud between the Calixto and Rodriguez
families in Mexico. Members of appellant's family testified that there had been bad blood between
the families for many years. They said that a member of the Rodriguez family fatally shot
appellant's uncle in Mexico in 1988, and that another Rodriguez fatally shot appellant's cousin in
Mexico one month before the instant shooting. Appellant's brother Efren Calixto testified that he
heard Romualdo and Silvestre say at a family gathering that "they were going to get even for this
problem that had been handed to my uncle and cousin in Mexico." Efren said that his brothers had
been drinking and he did not take them seriously, but he also testified that he "tried to counsel them,
telling them we didn't want any trouble here in the United States."

There was testimony that Enrique Rodriguez had been involved in attacks against
appellant's family members in Mexico. Efren Calixto testified that Rodriguez was the man who shot
his uncle. Both Efren and another brother, Doroteo Calixto, testified that Rodriguez had driven past
Silvestre's Austin apartment on several occasions, and that Silvestre had expressed concern for his
and his family's safety. Doroteo testified that Silvestre told him the day before Rodriguez was killed
that he was going to shoot Rodriguez before Rodriguez could shoot him.

Appellant and Silvestre were arrested within hours of Rodriguez's murder and gave
videotaped statements to the police in Spanish. The videotapes and transcriptions of the statements
in both Spanish and English were introduced in evidence. Appellant told the police that he had
agreed to drive Silvestre to work that morning. After they left Silvestre's apartment, Silvestre told 
appellant to drive to Rodriguez's apartment and gave him directions. When they spotted Rodriguez
in his pickup, Silvestre ordered appellant to drive up beside Rodriguez's truck. Appellant did so,
and then Silvestre shot Rodriguez with a pistol he was carrying.

In his statement, Silvestre admitted shooting Rodriguez. His description of the events
leading up to the shooting was similar to appellant's.


Admission of appellant's statement

Before custodial interrogation, a suspect must be advised of and knowingly and
voluntarily waive his right to remain silent. Miranda v. Arizona, 384 U.S. 436, 467-68, 475 (1966);
Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(2) (West Supp. 2002). The record shows that Austin
Police Officer Ismael Campa advised appellant of his constitutional and statutory rights, including
the right to remain silent, before questioning him. The record also shows that appellant waived his
rights and agreed to speak to the police. Appellant argues, however, that his waiver of the right to
silence was not knowing and voluntary because he did not understand the nature of the right and
because the police deceived him regarding certain material facts. 

The transcript of appellant's statement reflects that Officer Campa, after advising
appellant of his rights, asked him if he was willing to talk, "Yes or no?" Appellant replied, "And
if, if I say no? If we don't talk?" Campa answered, "We do need to talk. Are we going to talk?" 
Appellant responded, "That's fine." Appellant contends without further elaboration that this
exchange demonstrates that he did not understand the nature of the right to remain silent. To the
contrary, appellant's question shows he understood that he could refuse to talk to the officer. It was
neither possible nor necessary for the officer to predict for appellant the consequences of his
decision. Point of error eight is overruled.

Appellant also complains that Campa misled him by telling him several times that
the police already knew what had happened and that appellant did not "do anything." A confession
will be deemed involuntary only if it was induced by an interrogation technique calculated to
produce an untruthful confession or offensive to due process. Dotsey v. State, 630 S.W.2d 343, 349
(Tex. App.--Austin 1982, no pet.). That a friendly, supportive, nonconfrontational style of
questioning may prove effective in eliciting an incriminating statement does not mean that such
questioning is improper or that the resulting statement is involuntary. Lane v. State, 933 S.W.2d
504, 513 (Tex. Crim. App. 1996). The tactics shown by this record were well within the bounds of
propriety. Point of error nine is overruled.

Appellant further argues that a sworn interpreter should have been used to interpret
his videotaped statement when it was played for the jury. Similarly, he argues that the English
transcription should have been prepared by a sworn interpreter. He relies on Leal v. State, 782
S.W.2d 844 (Tex. Crim. App. 1989). In Leal, the court held that the admission of a recorded
conversation in a foreign language is analogous to testimony by a non-English speaker, and that the
safeguards of article 38.30 apply. Leal, 782 S.W.2d at 849; Tex. Code Crim. Proc. Ann. art. 38.30
(West Supp. 2002). The court held that on a proper motion or objection, an interpreter must be
sworn to translate the recorded conversation. Leal, 782 S.W.2d at 849. The court further held that
it was error to use a written translation of the recorded conversation over objection without
determining the qualifications of the person who made the translation or making that person
available for cross-examination. Id.

Appellant concedes that he did not request the appointment of a sworn interpreter,
and that no objection to the admission of either the videotape or the written transcription/translation
was made on this ground. He argues that his attorney was ineffective because he failed to request
the use of a sworn interpreter or to object to the introduction of the written transcript/translation on
this ground.

Prior to their admission in evidence, the videotapes of the Calixto brothers'
statements and the written transcriptions/translations of the statements were reviewed outside the
presence of the jury by the interpreter who prepared the transcriptions, a second interpreter, Officer
Campa, and appellant's trial counsel (who appellant says was fluent in Spanish). (2) A few errors in
the transcriptions were identified and corrected. The attorneys for both defendants then indicated
their satisfaction. Appellant now cites one instance in which he claims there was "confusion and
contest" regarding the English translation of his statement. The Spanish word "cañon" used by
appellant was translated in the written transcription as "piece." Officer Campa testified before
the jury that the Spanish word literally translated as "cannon," but was also a slang term for
"arm, weapon, pistol, gun." Questions regarding alleged inaccuracies in a translation are issues
of fact that must be settled by the trier of fact. Garcia v. State, 887 S.W.2d 862, 875 (Tex. Crim.
App. 1994).

Under the circumstances shown by this record, appellant's attorney's failure to insist
that the procedures outlined in Leal be followed was not outside the range of reasonable professional
assistance and does not appear to have prejudiced appellant's defense. See Strickland v. Washington,
466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Points
of error three and four are overruled.

Appellant argues that the written transcription of his videotaped statement was
inadmissible for two additional reasons. First, he contends the transcription was hearsay. Tex. R.
Evid. 802. Second, he contends the transcription was inadmissible because it was not a written
statement within the meaning of article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22, §§ 1, 2 (West
1979). Once again, appellant acknowledges that these alleged errors were not preserved for review
and urges that his trial counsel was ineffective for that reason.

A defendant's own out-of-court statement is not hearsay when offered against him. 
Tex. R. Evid. 801(e)(2)(A); Trevino v. State, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999). The
opinion cited by appellant, Moore v. State, 999 S.W.2d 385, 401 (Tex. Crim. App. 1999), does not
hold to the contrary. Appellant concedes that because he spoke Spanish, it was appropriate for the
jury to be provided a translation of his oral statement. He cites no authority supporting his assertion
that a translation cannot be in writing, or that a written translation of an admissible oral statement
made in a foreign language must also be admissible as a written statement under article 38.22,
section 2. The interests served by article 38.22 were satisfied when appellant's oral statement was
taken in accordance with section 3. Counsel's failure to object to the admission of the transcription
on these grounds did not constitute ineffectiveness. Points of error five, six, and seven are overruled.


Admission of Silvestre Calixto's statement

Appellant contends his Sixth Amendment right to confront the witnesses against him
was violated by the admission of Silvestre Calixto's statement to the police. (3) U.S. Const. amend.
VI. Appellant concedes that no objection on this ground was voiced at trial, but urges that the "right
not recognized" exception to the contemporaneous objection rule applies because the opinion on
which he relies had not been announced at the time of his trial.

As a general rule, even errors of constitutional dimension must be preserved by a trial
objection. Tex. R. App. P. 33.1(a)(1); see Marin v. State, 851 S.W.2d 275, 279-80 (Tex. Crim. App.
1993). There is an exception to this rule for an error involving a novel constitutional claim. 
Mathews v. State, 768 S.W.2d 731, 733 (Tex. Crim. App. 1989). A defendant does not forfeit his
right to assert a constitutional violation by failing to object if the constitutional right had not been
recognized at the time of his trial. Id. (quoting Ex parte Chambers, 688 S.W.2d 483, 486 (Tex.
Crim. App. 1985) (Campbell, J., concurring)).

The Sixth Amendment confrontation guarantee was held applicable against the states
in 1965. Pointer v. Texas, 380 U.S. 400, 406 (1965). In 1968, the admission of a nontestifying
codefendant's out-of-court statement implicating the defendant was held to violate the Confrontation
Clause. Bruton v. United States, 391 U.S. 123, 126 (1968). It cannot be said that the admission of
Silvestre's out-of-court statement raised a previously unrecognized Sixth Amendment issue.

Appellant relies on this Court's opinion in Mendez v. State, 56 S.W.3d 880 (Tex.
App.--Austin Sep. 13, 2001, pet. filed). In that case, an out-of-court custodial statement implicating
the defendant in the charged offense, made by a declarant who was not the defendant, was introduced
pursuant to the hearsay exception for statements against the penal interest of the declarant. Tex. R.
Evid. 803(24). We held that under the circumstances of that case, the admission of the statement
violated the defendant's Sixth Amendment confrontation right. Mendez, 56 S.W.3d at 892-93. In
reaching that conclusion, we applied principles previously announced by the court of criminal
appeals but not previously applied to a statement made during custodial interrogation. Id. at 889,
see Guidry v. State, 9 S.W.3d 133, 147-49 (Tex. Crim. App. 1999); Dewberry v. State, 4 S.W.3d
735, 750-52 (Tex. Crim. App. 1999); Cofield v. State, 891 S.W.2d 952, 955-57 (Tex. Crim. App.
1994). In other words, Mendez did not create a new constitutional right but merely applied
established Sixth Amendment principles to a new factual setting.

We hold that appellant's failure to object to the admission of Silvestre Calixto's
statement on Sixth Amendment grounds forecloses our consideration of this point of error. See
Dewberry, 4 S.W.3d at 752. Although appellant does not argue that his trial attorney was ineffective
for failing to object, the record would not support such a conclusion. There was considerable
circumstantial evidence tending to implicate appellant as a party to Rodriguez's murder. (4) 
Furthermore, appellant's own statement to the police described his involvement in the murder in
much the same way as Silvestre's statement. On this record, counsel's failure to object to the
admission of Silvestre's statement cannot be said to have prejudiced appellant's defense to such a
degree as to have denied him a fair trial. See Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d
at 57; see also Schneble v. Florida, 405 U.S. 427, 430-32 (1972) (Bruton error held harmless). 
Appellant's supplemental point of error is overruled.


Other points of error

Appellant contends the evidence raised the question of whether Efren and Doroteo
Calixto were accomplice witnesses whose testimony required corroboration. See Tex. Code Crim.
Proc. Ann. art. 38.14 (West 1979). Appellant argues that this question should have been submitted
to the jury as a fact issue, and that his attorney was ineffective for failing to request it.

An accomplice witness is one who participates with the defendant before, during, or
after the commission of the crime. McFarland v. State, 928 S.W.2d 482, 514 (Tex. Crim. App.
1996). This participation must involve an affirmative act or commission by the witness to promote
the commission of the offense. Id. Having knowledge of a crime and failing to disclose it does not
make one an accomplice. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). To be
subject to the accomplice witness rule, a witness must be susceptible to prosecution for the same
offense for which the accused is on trial. McFarland, 928 S.W.2d at 514.

When the evidence clearly shows that a witness was an accomplice to the crime as
a matter of law, the trial court must so instruct the jury. Blake, 971 S.W.2d at 455. But if the
evidence is conflicting and it is not clear whether the witness was an accomplice, the court should
allow the jury to determine the question as an issue of fact. Id. This is what appellant claims should
have been done here.

We have already mentioned Efren Calixto's testimony describing the conversation
he overheard in which appellant and Silvestre indicated their intention to "get even for this problem"
in Mexico. (5) We have also mentioned Doroteo Calixto's testimony describing Silvestre's announced
intention to kill Rodriguez. Doroteo also testified that appellant told him he was angry about their
cousin's murder in Mexico. Finally, there was testimony that on the morning of the murder,
Silvestre called Efren and told him, in effect, that he had killed Rodriguez. At the very most, this
evidence shows that Efren and Doroteo knew that appellant and Silvestre intended to kill Rodriguez. 
The evidence does not even suggest that Efren or Doroteo affirmatively acted to promote the
commission of the offense or that either of them could be prosecuted for Rodriguez's murder.

No fact issue was raised as to whether Efren and Doroteo Calixto were accomplice
witnesses, and appellant's trial counsel was not ineffective for failing to request the submission of
the question to the jury. Points of error one and two are overruled.

 Next, appellant contends the district court commented on the weight of the evidence
by instructing the jury in its charge:


Witnesses may be impeached by showing that they have made other and
different statements out of court from those made before you on the trial. You may
consider such impeaching evidence, if any, as it may tend to affect the weight to be
given the testimony of the witnesses so impeached and their credibility (if it does do
so); but such impeaching evidence, if any, is not to be considered by you as tending
to establish the alleged guilt of the defendant, or any fact in the case.



Appellant argues that the instruction improperly singled out those witnesses who may have made
prior inconsistent statements and suggested they may be less worthy of belief. See Tex. Code Crim.
Proc. Ann. art. 36.14 (West Supp. 2002) (trial court may not comment on weight of evidence in
charge). Appellant did not object to the instruction, but urges that it was fundamentally erroneous. 
See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). 

Evidence admitted only for impeachment purposes is without probative value and
cannot be considered as evidence of the defendant's guilt. Key v. State, 492 S.W.2d 514, 516 (Tex.
Crim. App. 1973). When evidence is admitted for a limited purpose, the court may restrict the
evidence to its proper scope and instruct the jury accordingly. Tex. R. Evid. 105(a). By limiting the
jury's consideration of the impeaching evidence "if any," the charge applied the law to the facts to
the extent it was possible to do so without commenting on the weight of the evidence. See Brooks
v. State, 580 S.W.2d 825, 833 (Tex. Crim. App. 1979); Easter v. State, 867 S.W.2d 929, 941 (Tex.
App.--Waco 1993, pet. ref'd). Finding no error, we overrule point of error ten.

Finally, appellant contends that if the errors of counsel previously discussed did not
individually constitute ineffectiveness, the cumulative effect of the errors did. We have already
determined that none of the errors alleged by appellant was in fact error; actions or omissions by
counsel that are not erroneous cannot constitute ineffectiveness, whether considered singly or
collectively. We have also determined that one arguable error by counsel not alleged by appellant,
the failure to object to Bruton error, was harmless. Point of error eleven is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: December 20, 2001

Publish
1. Silvestre Calixto's murder conviction is affirmed in a separate opinion. Calixto v. State, No.
03-01-00016-CR (Tex. App.--Austin Dec. 20, 2001, no pet. h.) (not designated for publication).
2. The record contradicts appellant's assertion that the interpreter who prepared the
transcriptions was not available for questioning by counsel.
3. Appellant raises this contention in a supplemental brief filed with this Court's permission.
4. Because appellant does not challenge the sufficiency of the evidence, we do not review it
in detail in this opinion.
5. Appellant refers us to other statements by Efren, but they were made outside the jury's
presence.