NO. 07-07-0010-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 18, 2007


 ______________________________



IN RE MICHAEL LOU GARRETT, RELATOR


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Relator, Michael Lou Garrett, has filed a third Petition for Writ of Mandamus
requesting this Court order respondents, "Debbie Liles, Kelli Ward, Jamie L. Baker and
their agents[,] E.C. Williams (Warden, Allred Unit)[,] and F.L. Haynes (Access to Courts
Coordinator/Indigent Supplies Supervisor, Allred Unit)[,] to immediately refrain from
depriving relator, an indigent prisoner, of indigent supplies needed and necessary for
processing the matter of this appeal [Cause No. 07-06-00428-CV]." We deny the petition.

 Texas Rule of Appellate Procedure 52.3 (1) identifies the requirements for a petition
for writ of mandamus filed in this court. Garrett has failed to comply with these
requirements. Rule 52.3 requires that all factual statements in a petition must be verified
by affidavit made on personal knowledge. While Garrett does not include an affidavit, he
does include an unsworn declaration subject to penalty of perjury, as authorized by Tex.
Civ. Prac. & Rem. Code Ann. § 132.001(a) (Vernon 2005). However, Rule 52.3(a) requires
that a petition must include a complete list of all parties and the names and addresses of
all counsel. Garrett does not list the names of the parties against whom he seeks
mandamus relief apart from their identification in the argument portion of his petition. Rule
52.3(b) requires that the petition include a table of contents with references to the pages
of the petition and an indication of the subject matter of each issue or point raised in the
petition. Garrett's petition includes no table of contents. Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the petition are
arranged alphabetically and the page(s) upon which the authorities are cited is indicated. 
Garrett's petition includes no index of authorities. Rule 52.3(d) requires a statement of the
case. Garrett's petition does not contain a statement of the case and does not identify the
nature of the underlying proceeding. (2) Rule 52.3(f) requires the petition include a concise
statement of all issues or points presented for relief. Garrett's petition includes no such
statement. Each of these items are required in a petition for writ of mandamus and, as
Garrett failed to include them in his petition, we will not grant the relief that he requests.

 However, even if Garrett had complied with the requirements of Rule 52.3, his
petition fails to establish his entitlement to mandamus relief. A court of appeals has
authority to issue writs of mandamus against district and county court judges within the
court of appeals's district and all writs necessary to enforce its jurisdiction. Tex. Gov't
Code Ann. § 22.221(a), (b) (Vernon 2004). As none of the named respondents are
identified as judges, they are not within our jurisdictional reach and we have no authority
to issue a writ of mandamus against the respondents absent a showing that issuance of
the writ is necessary to enforce our jurisdiction. In re Cummins, 2004 WL 1948048, at *1
(Tex.App.-Amarillo 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691,
692 (Tex.App.-San Antonio 1998, orig. proceeding). 

 Garrett contends that issuance of the writ is necessary to enforce our jurisdiction
because, if we do not issue the writ, he will be "deprived of his right to process his appeal"
in cause number 07-06-00428-CV. Garrett has provided this court none of the material
documents relating to his pending appeal in cause number 07-06-00428-CV, see Rule
52.3(j)(1), and, as mentioned above, has failed to even identify the nature of the underlying
proceeding from which he appeals. Thus, we are unable to determine, from the
documents provided in support of his petition, whether our issuance of mandamus would
be necessary to enforce this court's jurisdiction over that appeal. Garrett contends that he
is required to file a brief in support of his appeal and that the denial of the supplies
necessary to file this brief affects this court's enforcement of it jurisdiction over that appeal. 
However, Rule 38.8 provides courts of appeals three options when a civil appellant fails
to timely file an appellate brief: (1) dismiss the appeal for want of prosecution, (3) (2) decline
to dismiss the appeal and give further direction to the case as the court considers proper,
or (3) if an appellee's brief is filed, regard that brief as correctly presenting the case and
affirm the trial court's judgment without examining the record. As none of these options
implicate this court's jurisdiction to consider Garrett's appeal in cause number 07-06-00428-CV, we conclude that Garrett has failed to show how issuance of the requested writ
of mandamus would be necessary to the enforcement of this court's jurisdiction.

 As Garrett's petition for writ of mandamus does not comply with the requirements
of Rule 52.3 and fails to establish how the writ is necessary to enforce this court's
jurisdiction, we deny the petition.


 Mackey K. Hancock

 Justice







 

1. Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule
__."
2. Garrett contends that mandamus is necessary for the processing of his pending
appeal in cause number 07-06-00428-CV. However, nowhere in Garrett's petition for writ
of mandamus does he identify the nature of the case underlying this appeal nor does he
provide any information from which the nature of this appeal can be gleaned. 
3. Rule 38.8(a)(1) provides for dismissal unless "the appellant reasonably explains
the failure and the appellee is not significantly injured" by the failure. Thus, Garrett would
have the opportunity to provide the court an explanation of the efforts that he has
undertaken to timely file an appellate brief and how maintaining the appeal on the court's
docket would not significantly injure the appellees. Therefore, Garrett has an available
remedy at law of a potential dismissal for want of prosecution under Rule 38.8(a)(1) and
mandamus relief is not appropriate. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d
304, 305 (Tex. 1994). 


" Id. It also emphasized that once the
right to counsel has attached, "any subsequent waiver during police initiated interrogation
is ineffective unless counsel has first given permission for the interrogation." Id. at 6, citing
Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). Additionally,
the State's knowledge of the claiming of the right to counsel from one state actor is imputed
to another state actor. Cobb v. State, 93 S.W.3d at 6.

 In relevant part, article 38.22 of the Code of Criminal Procedure provides:

 Sec. 5. Nothing in this article precludes the admission . . . of a voluntary
statement, whether or not the result of custodial interrogation, that has a
bearing upon the credibility of the accused as a witness, or of any other
statement that may be admissible under law.


Tex. Code Crim. Proc. Ann. art. 38.22 §5 (Vernon Supp. 2004). Moreover, even though
a defendant does not testify, a hearsay statement may be subject to impeachment. Appling
v. State, 904 S.W.2d 912, 917 (Tex. App.-Corpus Christi 1995, pet. ref'd). It is true that
courts have refused to allow impeachment by prior inconsistent statements used as a mere
subterfuge to get before the jury evidence not otherwise admissible. See Hughes v. State,
4 S.W.3d 1, 4 (Tex. Crim. App. 1999); Kelly v. State, 60 S.W.3d 299, 301 (Tex. App.-
Dallas 2001, no pet.). 

 Thus, in order for appellant's statement to have been admissible under article 38.22
§5, two criteria must have been satisfied. First, the statement must have been voluntary,
and second, the statement must have some bearing on appellant's credibility. With respect
to the first criterion, the record justifies the trial court's conclusion that the statement was
voluntary. With respect to the second criterion, we must consider whether the statement
had some bearing on appellant's credibility. The record shows that the incriminating
statements contained in his written statement bore directly on the credibility of his statement
to the child's father at the time of the incident, produced during cross-examination of
DeLaPaz, that he "didn't do [anything]." Moreover, there is nothing that indicates the State
improperly provoked the testimony regarding appellant's hearsay statement to DeLaPaz.

 Parenthetically, we have not overlooked appellant's position that his statement was
not hearsay but was a mere description of events. We disagree with that proposition. 
Hearsay is a statement, other than one made by the declarant while testifying at a trial or
hearing, offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d); see also
Lyons v. Ware, 668 S.W.2d 767, 768 (Tex. App.-Houston [1st Dist.] 1984, pet. ref'd). It is
obvious that appellant's answer was elicited by his attorney for its purported truth, i.e., that
he had not committed any crime. Thus, it was a hearsay statement subject to impeachment
if any of the other prerequisites to its use were met. Because it was inconsistent with his
statement he "didn't do [anything]," appellant's written statement with incriminating content
was properly admitted for impeachment purposes.

 The general rule is that evidence properly admitted for impeachment purposes is
without probative value and cannot be considered as evidence of the defendant's guilt. Key
v. State, 492 S.W.2d 514, 516 (Tex. Crim. App. 1973). If requested, when evidence is
admitted for a limited purpose, the court may restrict the evidence to its proper scope and
instruct the jury accordingly. Tex. R. Evid. 105(a). However, in the absence of such a
request, "the court's action in admitting such evidence without limitation shall not be a
ground for complaint on appeal." Id. It is the burden of the party opposing the admission
of the evidence to request a limiting instruction and, in the event of the failure of the party
to request such a limiting instruction, the evidence is admitted for all purposes. Hammock
v. State, 46 S.W.3d 889, 892 (Tex. Crim. App. 2001). Under this record, the trial court did
not abuse its discretion and commit reversible error in admitting the statement. Appellant's
first two issues are overruled. 

 As we have noted above, in his third issue, appellant contends that he was denied
the effective assistance of counsel at trial. Specifically, appellant faults his counsel for
failing to request an instruction that the statement could only be considered for
impeachment purposes and had no probative value. He also suggests that counsel should
have requested a jury charge to that effect. Additionally, he posits that in addition to the
objections made, trial counsel should have raised a Rule 403 objection. (4)

 In considering this ineffectiveness challenge, we must measure it by the standard
explicated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984) and made applicable in Texas in Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.
Crim. App. 1986). See also McFarland v. State, 928 S.W.2d 482, 499-500 (Tex. Crim. App.
1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). 

 Synthesized, the teaching of the cases is that to show ineffectiveness, a claimant
must prove that trial counsel's performance so undermined the proper functioning of the
adversarial process that the trial cannot be relied upon as having produced a just result. 
In doing so, the claimant must prove: 1) his counsel's performance was deficient, and 2)
the deficient performance was so serious that it prejudiced his defense. That means that
the claimant must prove by a preponderance of the evidence that counsel's representation
fell below the standard of prevailing professional norms, and there is a reasonable
probability that but for counsel's deficiency, the result of the trial would have been different. 
The review of counsel's performance is highly deferential and in conducting that review, the
reviewing court must indulge a strong presumption that counsel's conduct falls within a wide
range of reasonable performance. 

 In addition to identifying the acts or omissions alleged to have been ineffective, the
claimant must affirmatively establish that they fell below the professional norm for
reasonableness. After proving error, the claimant must affirmatively prove prejudice,
namely, that counsel's errors, judged by the totality of the representation and not by isolated
instances of error or by only a portion of the trial, denied him a fair trial. It is not enough for
the claimant to show that the errors had some conceivable effect upon the outcome of the
trial, but he must show that there is a reasonable probability that but for counsel's errors,
the factfinder would have had a reasonable doubt respecting guilt. In reviewing the
claimant's showing, the reviewing court considers the totality of the evidence before the jury
and that record must affirmatively show the alleged ineffectiveness. The failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. See McFarland, 928 S.W.2d at 500.

 In considering the record, the State presented evidence that 1) DeLaPaz was an
eyewitness to the offense; 2) Officer Allison Forbis averred that the victim had stated to her
that appellant had touched her genitals; 3) the child testified that appellant had touched her
genitals with his hand and that she tried to push him away; and 4) Sheri Nivens, a
registered nurse, testified that she had observed redness on the child's genitals which was
consistent with the child's testimony. Under the totality of the evidence in this record, it is
not reasonably probable that the outcome of the trial would have been different if trial
counsel had requested a limiting instruction.

 Moreover, it is possible that trial counsel may have believed that a limiting instruction
would have emphasized the importance of the statement and drawn additional attention to
it. Indeed, the record is silent about the reasoning and strategy that may have been
underlying trial counsel's actions. In this state of the record, we may not speculate about
the reasoning that may have been employed by trial counsel and whether that reasoning
was faulty. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Because
appellant has failed to prove either deficient performance on trial counsel's part or sufficient
prejudice from trial counsel's conduct, we must, and do, overrule appellant's third issue.

 In sum, all of appellant's issues are overruled and the judgment of the trial court is
affirmed.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. The child in question.
3. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
4. The probative value of the evidence was substantially outweighed by the danger
of unfair prejudice. See Tex. R. Evid. 404.