MICHAEL MERTEL v. THE STATE.

No. 8149.   Decided March 5, 1924.

**Selling Intoxicating Liquor—Insufficiency of the Evidence—Non-Intoxicant.**

Where, upon trial of sale of intoxicating liquor, the evidence was insufficient to show that the liquid sold was of an intoxicating character, the conviction could not be sustained.

Appeal from the District Court of Wheeler.   Tried below before the Honorable W. R. Ewing.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*M. Reynolds,* and *C. C. Small,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wheeler County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

One witness testified for the State and two for the appellant. Condensing the testimony of each it appears that the State witness went to appellant's home just before Christmas and wanted "something for Christmas." Appellant went into his house and brought back a quart bottle full of liquid for which State witness paid him five dollars. Nothing was said during the interview about whisky. Witness carried the bottle home with him, got up the next morning before breakfast and drank one-third of it. He testified that it did not make him drunk and that he felt not effects from drinking it. After breakfast he went hunting and took the bottle with him and imbibed more of its contents but still felt no intoxicating effect. However, he said that if he should drink enough of it it would make him drunk. He further said it did not look nor smell like any whisky that he had ever seen and that he was familiar with both white corn whisky and red whisky, etc. Just how he arrived at the conclusion that if he drank enough of it it would make him drunk, does not appear; and his statement of such conclusion directly contradicts his testimony that he drank from one-third to one-half of the liquid in the quart bottle Christmas morning and felt no effects from it whatever. For appellant his wife and a young man on the premises testified that there was a keg of grape juice in the pantry and that when

the State witness came to the house, appellant came in, rinsed a quart bottle, filled it from the keg of grape juice and carried it out to the witness. Both defense witnesses swear that the liquor was a non-intoxicant and that several glasses full of it would produce no effect whatever. Mrs. Mertel said it would not intoxicate her baby.

We can not sanction the incarceration of a citizen of the State in the penitentiary upon evidence no stronger than this. The State has at her call the State chemist with his force ready and willing to investigate and test the intoxicating quality of liquors when such quality is relied upon to secure conviction for the possession, sale, etc. of such liquor. This is not necessary in all cases as sufficient proof may be made otherwie, but we have searched this record in vain to find where such other proof was made. As stated above, the only suggestion of the fact that the liquor sold by appellant was intoxicating is found in the statement of the witness that if he drank enough of it he believed it would make him drunk, which is contradicted wholly by his other testimony and appears to be without foundation to support his belief.

For the reasons above stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*