## Scott Hill v. The State.

No. 8625.   Delivered February 18, 1925.

1.—Sale of Intoxicating Liquor—Evidence Insufficient to Support Conviction.

Where in a prosecution for the sale of intoxicating liquor, the only evidence of an incriminative character was by a witness who testified that she saw her husband purchase something white in a bottle, from the appellant and pay him money for it. That it smelled like whisky, but that she did not know whether it was whisky or not, this evidence is not sufficient to sustain a conviction, and the cause is reversed and remanded.

2.—Same—Juror—Minor on Jury—Not Reversible Error.

Where in a motion for a new trial it is shown that a minor sat as a juror, a new trial is properly refused. The holding of this court is contrary to such contention in Trueblood v. State, 1 Tex. Cr. App., 650, followed in Martin v. State, 80 Tex. Crim. Rep., 277, and Duerra v. State, 80 Tex. Crim. Rep., 329.

Appeal from the District Court of Grayson County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

*G. Huggins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Jᴜᴅɢᴇ.—Conviction is for the sale of intoxicating liquor. Punishment, one year in the penitentiary.

It is urged that the evidence is insufficient to support the conviction. The indictment charged the sale of intoxicating liquor to T. N. Newsome. The evidence discloses that Newsome had been on a prolonged spree. About one o'clock at night he left his home and went to appellant's place of business where a lunch counter and cold drink stand was being operated. Mrs. Newsome followed him. She saw her husband drink something white out of a glass and saw him give money to appellant. Newsome took some liquor with him in a bottle. She was the only witness used by the State. Her testimony follows:

"I have never had any experience or observation in seeing or handling or observing whiskey or different kinds of whiskey. I have seen whiskey and smelled it and knew how it smells and looks. One kind looks red and the other kind looks white. I saw my husband drink something out of a glass and I saw my husband give him (appellant) some money. The drink looked white and I thought it was whiskey. I guess it was whiskey in the bottle. It smelled like whiskey. . . . I do not know whether that was whiskey or not. It smelled like it. I could not swear it was whiskey, it was something that smelled like whiskey. . . . I don't know how it compared with corn whiskey in looks because I don't know one whiskey from another except one is white and the other kind is red. It smelled like whiskey and I thought it was whiskey. It was white, I guess there was not much difference in it and water—it wasn't water. It had something else in it, I don't konw what it was. It wasn't lemon soda. It was something stronger than that. I didn't drink any, I did not taste it. I smelled it at home. He brought it home with him so I smelled in the bottle. I don't know whether it was whiskey or not."

T. N. Newsome was used as a witness by appellant. He testified that he had not bought any intoxicating liquor or whiskey from appellant in the last two years; that if he had he knew nothing about it; that he had no recollection of the transaction testified to by his wife. Upon cross-examination he said he had testified before the grand jury that he bought something from appellant that looked more like "sour lemon soda pop" than whiskey, that it was sour lemon soda pop, and that was what he had told the grand jury. The state used one of the grand jurors to impeach Newsome. The grand juror testified that Newsome had said in the grand jury room that he bought some whiskey from appellant and paid for it.

The jury was properly instructed not to consider the evidence of the grand juror to establish any fact in the case but to use it only

for the purpose of passing upon the credibility of the witness New-some. The circumstances testified to by Mrs. Newsome raise a strong suspicion that the liquor obtained from appellant on the night in question was whiskey, but we do not believe it goes to that extent which will warrant the incarceration of a citizen in the penitentiary. She declined to swear that the liquor was whiskey, going only to the extent of saying that it "smelled like it," and that she believed it was whiskey, yet upon that evidence the jury returned a verdict of guilty apparently being satisfied upon a point that the witness her-self would not be certain about. We do not feel that in good con-science we can permit a judgment of conviction to stand without more certainty in the testimony than that disclosed by the record here.

Appellant urges also that he should have been granted a new trial because a minor sat as a juror. The holding of this court is contrary to such contention in Trueblood v. State, 1 Texas Crim. App., 650, followed in Martin v. State, 80 Texas Crim. Rep., 277, and Duerra v. State, 80 Texas Crim. Rep., 329.

We do not discuss the other proposition raised as to the alleged mis-conduct of the jury in referring to appellant's failure to testify. In the event of another trial this will not likely occur.

For the reasons given the judgment is reversed and the cause remanded.

. .        *Reversed and remanded.*