# FEBRUARY, 1925.

### JOHN DAVIS v. THE STATE.

#### No. 8619.   Delivered February 25, 1925.

**Transporting Intoxicating Liquor—Evidence Insufficient.**

· Where, on a trial for transporting intoxicating liquor, the state is relying for a conviction upon circumstantial evidence, the circumstances presented, must be inconsistent with the theory of innocence, presented by the appellant's testimony. Falling short of this requirement calls for a reversal of the judgment, and it is so ordered.

Appeal from the District Court of Bee County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The appellant, a negro man, was walking at night time upon the street, and upon circumstances detailed by the witnesses, the State contends that the evidence shows that he was transporting liquor. Olivia Jones, a negro woman, testified for the State that she saw in the appellant's pocket "what looked like a tequila bottle.'' Wright and Floyd came into view. The appellant was walking faster than she and to the right of her. About the time that Floyd and Wright reached her, she heard the sound of something like glass breaking. Floyd testified that as he passed the negro woman, he saw the man fling his arm out and make a gesture as if throwing something.

Wright and Floyd stopped the appellant. He had in his pocket an empty bottle and a flask without a stopper. The bottle had the smell of whiskey. It seems that after the appellant was put in jail, the officers went back to the locality. One of them said;

"*   *   *   and we found this flask where I had thrown it. *   *   * we found a big bottle resembling that bottle very much, and just a little beyond the post, we found a bottle with some liquor in it. It looked like a tequila bottle. When I found that bottle it did not have the cork in it. *   *   * I did not hear any sound which sounded as if glass breaking. *   *   * The big-bottomed bottle that I found was broken; it resembles the one on this side. I smelt the broken bottle and it smelled as if it had contained whiskey."

We gather from the testimony of the witnesses that they found three bottles, namely, a flask in the appellant's pocket, a broken neck bottle, and a big-bottom bottle.

Appellant testified disclaiming any connection with the bottles found on the ground. He said that he threw a broken neck bottle at a dog and that he had an empty bottle in his pocket.

The statement of facts embraces some thirty pages of typewritten mattter going into details with reference to irrelevant and inconsequential matters and is so involved that we have found it very difficult to comprehend, and it is possible that we have failed to do so. From our conception, however, we are impressed with the view that the evidence does not meet the measure of the law depending wholly upon circumstantial evidence to fasten the guilt upon the accused. There was no intoxicating liquor found upon his person. He had an empty bottle upon which there was the odor of whiskey. He admitted that he threw an empty bottle at a dog, and at the same place near where he had passed along the street there was found an open bottle with one or two spoons of a liquid which had the odor of whiskey. These circumstances are, in our judgment, consistent with the theory of innocence presented by the appellant's testimony and that coming from some of the State's witnesses.

In defining the word "transport" the court instructed the jury that it "meant the movement of the liquor by the appellant, either on his person or in some vehicle under his control." In the present case, the matter of definition does not seem important. In some of the authorities, "transport" signifies the carrying or conveying from one place, locality or country to another. Cyc. of Law & Proc., Vol. 38, p. 946; Webster's Dictionary.

Because of the inconclusive character of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*