*587
 
 MORROW, Presiding Judge.
 

 Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.
 

 The State’s testimony, coming from several witnesses, is this: Appellant remarked to the witness Brown that it was a fine day for a drink and said that he had some out in his wagon. Brown communicated this information to officer Stanley who in turn reported it to either Officer Dickerson or Burns. Dickerson after-wards searched the wagon of the appellant. Quoting him:
 

 “I found four quarts of something that was in fruit jars. I smelled of it, and it smelled sour. It was white in color. We carried it to the First State Bank and instructed the bank to put it in the vault. I do not know where it is now. ’ ’
 

 The witness said that he and Burns carried the stuff to the bank and that was the last he had seen of it; that he did not know what it was and did not know whether it was intoxicating or not.
 

 The witness Barber testified that he remembered the occasion when it was said that some whiskey was taken out of the wagon of Kyle and that he was about thirty feet distance watching Burns and Qickerson when the stuff was taken out of the appellant’s wagon and carried to the drug store. Barber said: £ £ I tasted of it; it was liquor.” The witness said that he had drunk “shinny” and that the liquid was shinny. He did not help to put the whiskey in the bank and did not know what became of it. He said he did not know who drove the wagon there but that the appellant drove it away. The only time it was seen by the witness was when it was standing back of the store. He did not know what became of the “shinny.”
 

 The point is raised by proper exception that a charge on circumstantial evidence should have been given. State’s counsel concedes the correctness of this view, and we are of the same opinion. The evidence that the liquid was intoxicating, as well as the fact that the appellant transported it, seems to come merely from inferences and not from direct testimony. There is no direct evidence that the wagon from which the liquid was taken was moved by the appellant. He came into the drug store and said that it was a bad morning and a fine day for a drink, and that he had some in his wagon. If the wagon was moved or driven by the appellant, it was not shown by direct testimony. The store keeper who reported the matter to the officer did not see anything in the wagon which was standing behind his store. He did not at that time go out and see what was in the wagon. From the other witnesses we gather that at the time the wagon was searched, it was standing behind Brown’s store.
 

 The burden rested upon the State to prove that the liquid was intoxicating liquor and that it was transported by the appellant.
 

 The judgment is reversed and the cause remanded.
 

 Reversed and remanded.