This was refused, and the ruling is properly brought forward for review.

It is not an offense to possess intoxicating liquor unless it be possessed for the purpose of sale. This is the express language of the statute, article 666, P. C. 1925. In numerous cases the announcement has been made that in prosecutions for the present offense it is essential that the evidence show that the liquor in question was possessed for the purpose of sale, and that the jury be so instructed. See Petit v. State, 90 Tex. Cr. R. 336, 235 S. W. 579, and numerous other cases collated in Vernon's Tex. Crim. Stat. 1925 (Pen. Code) vol. 1, p. 435, note 7.

[2] It is a general rule that an error in the charge brought up by a bill of exceptions will not authorize a reversal unless the facts developed upon the trial are before the appellate court. To such rule there is the following exception:

"But this court will revise the charge of the court in a felony case when such charge is not warranted by the indictment, and when, under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused. Mitchell v. State, 2 Tex. App. 404."

The application of this exception to the general rule resulted in a reversal of the judgment of the case of Brown v. State, 16 Tex. App. 198. The operation of the rule in a proper case has often been recognized. See Wilson v. State, 52 Tex. Cr. R. 173, 105 S. W. 1026; Bryant v. State, 35 Tex. Cr. R. 394; Shrewder v. State, 62 Tex. Cr. R. 403, 136 S. W. 461, 1200.

The charge in the present case not conforming either to the indictment or to the statute and authorizing a conviction of the appellant upon proof of facts which do not constitute an offense, the error complained of is one of which this court is compelled to take notice, notwithstanding the statement of facts was not filed within the time prescribed by law, but was filed within the time allowed by order of the court.

For the error pointed out, the rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause is remanded.

---

## JONES v. STATE. (No. 10157.)

(Court of Criminal Appeals of Texas. Oct. 6, 1926. Rehearing Denied Nov. 3, 1926.)

Criminal law ⟨⟩553—Conviction for selling liquor is not to be disturbed because witness claiming to have told officer immediately after his arrest that he purchased liquor from defendant was shown to have denied such purchase at first.

Testimony by witness that he informed officer immediately after his arrest that he purchased liquor in his possession from defendant is not rendered insufficient to sustain conviction for selling liquor by testimony of officer that witness at first denied having purchased liquor from defendant.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Anderson Jones was convicted of selling intoxicating liquor, and he appeals. Affirmed.

F. G. Vaughn, of Beaumont, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

Brown, the alleged purchaser, testified on the trial that he purchased whisky from appellant; that it was in two soda pop bottles. An officer arrested him shortly after the purchase and found the two bottles of whisky in his possession. Brown also testified that he immediately told the officer where he got it. Appellant challenges the sufficiency of the evidence because the officer testified that Brown first denied knowing from whom he got the whisky and claimed to have gotten it at a place other than appellant's, and did not divulge appellant as the seller until the patrol wagon approached.

We think the record shows no such case as would warrant this court in disturbing the jury's settlement of the issue of fact in favor of the state. Mertel v. State, 96 Tex. Cr. R. 612, 259 S. W. 579; Hill v. State, 99 Tex. Cr. R. 290, 269 S. W. 90; Kyle v. State, 99 Tex. Cr. R. 554, 270 S. W. 1020, cited by appellant in support of his contention, are based on facts so different from those in the present case we do not regard them as controlling.

The judgment is affirmed.