## AUDREY CONNER v. THE STATE.

### No. 14153.   Delivered April 15, 1931.

The opinion states the case.

*J. Robert Liles,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transportation of intoxicating liquor, punishment being one year in the penitentiary.

The only question arises on the sufficiency of the evidence which is vigorously challenged.

It appears from the evidence that complaint had been made to the constable that whisky was coming into what is called in the record "Crogan Mill." On the night of September 13, 1929, the constable had gone there to investigate the matter. He discovered that much drinking was going on. About nine-thirty at night he saw appellant sitting under the steering wheel of what the officer described as an "old Model A Ford car with no top, an old ragged looking Ford." When the officer walked up there was in plain view on the seat beside appellant six pint bottles of whisky. In the back seat under an old quilt was an automatic pistol and a half pint of whisky. When the constable

told appellant he would have to arrest him appellant said to the officer, "It is not my car, it don't belong to me." In connection with the constable's recital of what appellant told him the officer made the following statement. "The fact is, I saw him (referring to appellant) figuring on swiping some of the whisky." Appellant told the officer who he was and where he lived and was released from custody. There were a large number of negroes about the car, presumably mill hands, and before the officer could get the car and the whisky away about half of the bottles had been slipped out of the car. The car was taken to the constable's house and he still had it at the time of the trial which was some fourteen months later. Several state's witnesses testified that on the day preceding the night in question they had seen appellant driving a car which they described as a Model T Ford, but which in general appearance, as having no top and being dilapidated, resembled the one in which appellant was found sitting. One of the witnesses said he would know the car if he should see it again. Although the car had been in the constable's possession fourteen months it does not appear that this witness had ever been shown the car with a view of having it identified as the one which appellant was seen driving. The last time appellant was seen with the car described as a Model T Ford was at five-thirty in the afternoon. He was then about two miles from the mill with the car headed in that direction; he was repairing a blow-out in one of the casings at the time. This was four hours before he was seen sitting in a car at the mill. No witness claims to have seen any whisky in the car at a time when appellant was driving it. No witness claims to have seen him drive a car to the point where the whisky was discovered in a car. He certainly did not drive it away; the constable took it away and still had it. There is no evidence in the record as to the license number on the car, or the result of efforts, if any were made, to trace thereby its ownership. The ownership of the pistol is likewise shrouded in mystery. If it be conceded that the jury might have reached the conclusion that the car appellant was seen driving was the same one in which he was found at the mill the evidence fails to show that appellant had transported the whisky. From the general surroundings described by the officer the inference was just as reasonable that appellant had gone to the mill after whisky as that he had taken it there. In our opinion the evidence does not measure up to the requirement of the law relative to establishing by circumstantial evidence the guilt of appellant of transporting whisky which was the offense of which he was convicted. Cases in point are Davis v. State, 99 Texas Crim. Rep., 349, 269 S. W., 1114; Kyle v. State, 99 Texas Crim. Rep., 554, 270 S. W., 1020; Meyers v. State, 102 Texas Crim. Rep., 615, 279 S. W., 460. The last cited case is in point of fact very similar to the one under consideration.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*