HORACE WELLS V. STATE.

No. 24675. March 1, 1950.

*McCarthy, Collins & Snodgrass*, Amarillo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for receiving and concealing stolen property, with a sentence of two years in the penitentiary.

This prosecution grew out of the burglary of a warehouse, in which whisky to the value of $11,500.00 was stolen. The indictment alleges, in two counts, that appellant received from Marion Guinn and Jack Taylor stolen property, being the whisky which had been taken in the burglary of the warehouse.

The record before us is rather lengthy and discloses a diligent and well conducted investigation on the part of the local officers, who were also assisted by a member of the ranger force. They had secured statements from Melburn Kennedy and H. R. Owen which created circumstances supporting the charges lodged in the indictment. Kennedy had been before the grand jury and Owens had made a written statement to the ranger. Upon such statements and the evidence given there, the indictment was returned. The state relied upon them as the only witnesses giving evidence making any connection between appellant and the stolen property. When placed on the witness stand each of these witnesses repudiated his statements to the officers and the grand jury and gave no evidence whatsoever which would, in the remotest way, connect appellant with the theft or with receiving and concealing the stolen property. Each stated that he knew of no such connection. The evidence impeaching the witnesses Owens and Kennedy cannot be used as primary evidence against appellant. Texas Jurisprudence, Vol. 45, p. 209, Sec. 308; Hill v. State, 99 Tex. Cr. R. 290, 269 S. W. 90.

Because the evidence wholly fails to support the conviction,

338

the judgment of the trial court is reversed and the cause is remanded.

Hawkins, Presiding Judge, absent.