**Casodrey SHIVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36481.**

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

Davis Bailey, Carthage, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area; the punishment, a fine of $300.00.

Our able State's Attorney confesses error, and we agree.

Agent Hammond of the Liquor Control Board testified that on the day in question he bought a half pint of whiskey from L. B. Hill, who was employed at the Shivers service station in Panola County, and that Hill rang the money which he had paid for the whiskey in the cash register. Over appellant's objection that appellant was not present, Hammond was permitted to testify that Hill stated that it was necessary for him to put the money in the cash register because it belonged to appellant, the lady for whom he worked, and who owned the station. When Hill was called as a witness by the State, he admitted the sale, but denied that appellant knew anything about his whiskey sales, also denied that he had told Hammond anything about appellant, and stated that he did not remember making such a statement in a confession which was exhibited to him. Following this, Hill's confession which implicated appellant was introduced in evidence over appellant's objection.

Appellant did not testify or offer any evidence in her own behalf.

■ Evidence which impeaches the State's own witness may not be used as primary evidence against an accused. Lawhon v. State, Tex.Cr.App., 284 S.W.2d 730, and Wells v. State, 154 Tex.Cr.R. 336, 227 S.W.2d 210.

■ Finding the evidence insufficient to support the conviction, the judgment is reversed, and the cause is remanded.