# PD-0796-15

## IN THE COURT OF CRIMINAL APPEALS
### FOR THE STATE OF TEXAS

JONATHAN LEWIS HELM,
    APPELLANT

       V.          COA NO. 02-14-00043-CR
                      TRIAL COURT NO. 1276053D

THE STATE OF TEXAS,
    APPELLEE


## APPEALED FROM CAUSE NUMBER 1276053D, IN THE DISTRICT COURT NUMBER FOUR, TARRANT COUNTY, TEXAS; THE HONORABLE MIKE THOMAS, JUDGE PRESIDING.


## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


                **WILLIAM H. "BILL" RAY**
                **TEXAS BAR CARD NO. 16608700**
                **ATTORNEY FOR APPELLANT**

                **LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.**
                **512 MAIN STREET, STE. 308**
                **FORT WORTH, TEXAS 76102**
                **(817) 698-9090**
                **(817) 698-9092, FAX**
                **bill@billraylawyer.com**

**\*\*\*ORAL ARGUMENT IS NOT REQUESTED\*\***

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 29, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND COUNSEL

JOHNATHAN LEWIS HELM
    c\o Texas Dept. of Criminal
    Justice, Institutional
    Division, Huntsville, Texas
                    APPELLANT


HONORABLE TERRENCE BAJUK
    P.O. Box 210863
    Bedford, Texas   76095
                    ATTORNEY FOR APPELLANT
                    AT TRIAL


HONORABLE WILLIAM H. RAY
    512 Main Street, Ste. 308
    Ft. Worth, Texas 76102
                    ATTORNEY FOR APPELLANT
                    ON APPEAL


HONORABLE SHAREN WILSON
    401 W. Belknap St.
    Ft. Worth, Tx. 76196-0201
                    CRIMINAL DISTRICT ATTORNEY
                    TARRANT COUNTY, TEXAS

HONORABLE JAMES GIBSON
    401 W. Belknap St.
    Ft. Worth, Tx. 76196-0201
                    ASSISTANT CRIMINAL DISTRICT
                    ATTORNEY
                    TARRANT COUNTY, TEXAS


HONORABLE MIKE THOMAS
    401 W. Belknap St.
    Ft. Worth, Texas 76196
                    JUDGE, CRIMINAL DISTRICT
                    COURT NUMBER FOUR
                    TARRANT COUNTY, TEXAS


HONORABLE LISA McMINN
    P.O. Box 13046
    Austin, Texas 78711
                    STATE PROSECUTING
                    ATTORNEY

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     2

INDEX OF AUTHORITIES     4

STATEMENT CONCERNING ORAL ARGUMENT     5

STATEMENT OF THE CASE     5

STATEMENT OF THE PROCEDURAL HISTORY     6

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE     7

> THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT
> APPELLANT SEXUALLY ASSAULTED THE COMPLAINANT
> IN THE STATE OF TEXAS, IN THAT THE ONLY TESTIMONY
> ON THIS MATTER WAS IMPEACHMENT EVIDENCE OF THE
> COMPLAINANT, WHO DENIED APPELLANT HAD EVER
> SEXUALLY ASSAULTED HER IN THE STATE OF TEXAS

PRAYER     11

CERTIFICATE OF SERVICE     12

CERTIFICATE OF COMPLIANCE     12

# INDEX OF AUTHORITIES

Cases                                                                                Page

*Barley v. State, 906 S.W.2d 27 (Tex.Crim.App. 1995)*                                 *9*

*Cherb v. State, 472 S.W.2d 273, 279 (Tex.Crim.App. 1971)*                            *8*

*Hughes v. State, 4 S.W.3d 1, 5 (Tex.Crim.App. 1999)*                                 *9*

*Jackson v. Virginia, 443 U.S.307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*             *11*

*Key v. State, 492 S.W.2d 514, 516 (Tex.Crim.App.1973)*                               *8*

*Klein v. State, 191 S.W.3d 766, 782 (Tex.App. – Fort Worth, 2006),*                  *9*
    *reversed 273 S.W.3d 297 (Tex.Crim.App. 2008)*

*McMurrough v. State, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth*                      *11*
    *1999, no pet.)*

*Miranda v. State, 813 S.W.2d 724, 735 (Tex.App.– San Antonio, 1991,*                 *8*
*pet.ref'd)*

*Shivers v. State, 374 S.W.2d 672 (Tex.Crim.App. 1964)*                               *8*

*Villyard v. State, 01-13-00589 (Tex.App-Houston [1ˢᵗ Dist.],*                        *9*
    *May 15, 2014)*

*Wall v. State, 417 S.W.2d 59; (Tex.Crim.App/ 1967)*                                  *8*

*Williams v. State, 565 S.W.2d 63 (Tex.Crim.App. 1978)*                               *8*

Statutes

*Rule 607, Texas Rules of Evidence*                                                   *8*

*Rule 801 (e)(1)(B), Texas Rules of Evidence*                                         *10*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from a felony conviction and sentence for the offenses of Sexual Assault of a Child (Count Two) and Prohibited Sexual Conduct (Count Three). Appellant was charged by indictment in cause number 1276053D with the offenses of Continuous Sexual Abuse of a Child Under 14 (Count One), Aggravated Sexual Assault of a Child (Count Two), Sexual Assault of a Child (Count Three), and Prohibited Sexual Conduct (Count Four). Originally, the State waived counts one, two, and three, and intended to proceed on count four only. CR, Pages 68-69, RR-2, Page 4. Ultimately, the State waived count two, and proceeded on the other three, with count three becoming count two, and count four becoming count three respectively.

The jury found Appellant not guilty in count one, and guilty in counts two and three. CR, Pages 95-96; 111-119; RR-4, Pages 93-94.

Appellant elected for the jury to assess punishment. The jury sentenced Appellant to twenty years in count two and ten years in count three, in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered that the sentences run consecutively. CR, Pages 107-108, 112-119; RR-5,

Pages 29-33.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on January 15, 2015. Notice of Appeal was timely filed. Appellant timely filed his brief in the Court of Appeals on June 17, 2014. The State timely filed its brief on September 26, 2014.

The case was submitted to the Court of Appeals, without oral argument, on October 31, 2014. The Court of Appeals affirmed Appellant's conviction on June 4, 2015. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

## GROUND FOR REVIEW NUMBER ONE

THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT
APPELLANT SEXUALLY ASSAULTED THE COMPLAINANT IN
THE STATE OF TEXAS, IN THAT THE ONLY TESTIMONY
ON THIS MATTER WAS IMPEACHMENT EVIDENCE OF THE
COMPLAINANT, WHO DENIED APPELLANT HAD EVER
SEXUALLY ASSAULTED HER IN THE STATE OF TEXAS

The State failed to prove venue in this case. The complainant testified that she had sex with Appellant, and ended up getting pregnant, but the sex did not occur in Tarrant County. The complainant specifically stated that *nothing* happened at Noel Ranch, which is the street she lived on in Tarrant County with Appellant. RR-3, Pages 73-74 and 80. The complainant testified that she had sex with Appellant in Oklahoma one time in November of 2010 and never had sex with Appellant in Texas. RR-3, Pages 89, and 96-97.

The Court of Appeals held that since Appellant did not make a specific request for a limiting instruction at the time the evidence was admitted, there was no error. Opinion, pages 2-5. Further, the Court of Appeals stated that the complainant wrote a letter, admitted without objection, that specifically stated that Appellant had sex with her in Fort Worth. Opinion, at page 4. This letter, State's Exhibit 5A, does not confirm the Court of Appeals statement. Specifically, Fort Worth is not mentioned in the letter. The complainant repeatedly testified that she only had sex with Appellant in Oklahoma.

Testimony admitted only for impeachment purposes is without probative value and cannot be considered as substantive evidence to support a judgment. *Key v. State, 492 S.W.2d 514, 516 (Tex.Crim.App.1973)*; *Williams v. State, 565 S.W.2d 63 (Tex.Crim.App. 1978)*. The jury may consider the inconsistency as damaging to the witness's credibility, but may not use the evidence substantively. A statement admitted only for impeachment purposes, is without probative value and cannot be considered in determining the sufficiency of the evidence to support the conviction. This has been the law for a long time. *Cherb v. State, 472 S.W.2d 273, 279 (Tex.Crim.App. 1971)*; *Wall v. State, 417 S.W.2d 59; (Tex.Crim.App/ 1967)*; *Shivers v. State, 374 S.W.2d 672 (Tex.Crim.App. 1964)*.

There has always been a danger that a party may attempt to use a prior inconsistent statement under the guise of impeachment for the primary purpose of placing before the jury evidence which is not otherwise admissible and which may be treated as substantial evidence. To prevent this was the purpose of the formerly required showing of surprise and damage or injury to the calling party's cause before such testimony was elicited. This is still improper conduct under both the federal and state versions of *Rule 607, Tex.R.Evid.,* which are almost identical. See *Miranda v. State, 813 S.W.2d 724, 735 (Tex.App.– San Antonio, 1991, pet.ref'd)*. A prior inconsistent statement may only be used for impeachment, not

as substantive evidence, unless it otherwise falls within an exception to the hearsay rule. *Villyard v. State, 01-13-00589 (Tex.App-Houston [1ˢᵗ Dist.], May 15, 2014.)*

This Court has not squarely addressed this issue. See *Barley v. State, 906 S.W.2d 27 (Tex.Crim.App. 1995)*; *Hughes v. State 4 S.W.3d 1, 4 (Tex.Crim.App. 1999)*. This Court considered the issue in *Klein v. State, 191 S.W.3d 766, 782 (Tex.App. – Fort Worth, 2006), reversed 273 S.W.3d 297 (Tex.Crim.App. 2008)*. This Court held, at 782 and citing Hughes, supra, that

> "The Texas Court of Criminal Appeals limits such attacks:
> [T]he State's knowledge that its own witness will testify unfavorably
> is a factor the trial court must consider when determining whether the
> evidence is admissible under Rule 403.... [A] trial court abuses its
> discretion under Rule 403 when it allows the State to admit impeachment
> evidence for the primary purpose of placing evidence before the jury
> that was otherwise inadmissible. [Such] impeachment evidence must
> be excluded under Rule 403's balancing test because the State profits
> from the witness' testimony only if the jury misuses the evidence by
> considering it for its truth. Consequently, any probative value the
> impeachment testimony may have is substantially outweighed by its
> prejudicial effect. *Hughes v. State, 4 S.W.3d 1, 5 (Tex.Crim.App. 1999)*."

The Court of Criminal Appeals reversal in *Klein, supra,* was premised on the idea that the complainant's testimony at trial was a recent fabrication and inconsistent testimony, as the complainant had testified that the Appellant had sexually assaulted her and also had not sexually assaulted her, and was then admissible under *Rule 801 (e)(1)(B) of the Texas Rules of Evidence*. Appellant submits therefore, that the rule of law on a witnesses' complete denial of an

offense is still good law. The only direct testimony of the complainant that Appellant sexually assaulted her was that such act happened outside the jurisdiction of the State of Texas. RR-3, Pages 73-74, 80, 89, and 96-97.

In the present case, the State did exactly what the rule of law should prevent. In its opening statement, the prosecutor told the jury:

> "And part of what Mark [co-prosecutor] was saying yesterday about this case being interesting is that we don't know what [the complainant] is going to say now." RR-3, Page 15.

The State called an impeachment witness before calling the complainant because the State knew she was not going to testify that Appellant had sexually assaulted her in Texas. The prosecutor cannot claim surprise because he had interviewed the complainant in the jail the day before. RR-3, Page 67.

Given that there was no proper evidence to substantiate the allegations of sexual misconduct as alleged, Appellant submits that no rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. For these reasons, Appellant submits that the evidence of impeachment was improperly considered for substantive evidence, and when that evidence is not considered, as should be the case, the evidence was insufficient to support a finding of guilty in Counts Two and Three. *Jackson v. Virginia, 443 U.S.307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*.

The Court of Appeals' holding that the lack of a limiting instruction request is dispositive is not the correct analysis. The only substantive evidence is that the State did not prove venue in Texas. Impeachment evidence on this issue is not proper evidence, and not substantive as proof of venue or any other element.

Appellant submits that the testimony had a significant or injurious effect on the jury's verdict such that his substantial rights were affected. *McMurrough v. State, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth 1999, no pet.)*. *Klein, supra at 785*.

Appellant submits that venue was not proven, even by a preponderance. Accordingly, the evidence was insufficient to sustain Appellant's conviction.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse his conviction and enter a judgment of acquittal.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX

**CERTIFICATE OF SERVICE**

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the office of Sharen Wilson, Criminal District Attorney, Criminal District Attorney of Tarrant County, Texas, 401 W. Belknap St. Ft. Worth, Tx. 76196-0201 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections, on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that this Petition for Discretionary Review filed in this case, has 2141 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY