PD-0796-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 5:15:37 PM
Accepted 7/1/2015 1:27:19 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

**JONATHAN LEWIS HELM,**
    **APPELLANT**

      **V.**        **COA NO.  02-14-00043-CR**
                  **TRIAL COURT NO. 1276053D**

**THE STATE OF TEXAS,**
    **APPELLEE**

**APPEALED FROM CAUSE NUMBER 1276053D,  IN THE
DISTRICT COURT NUMBER FOUR, TARRANT COUNTY,
TEXAS;  THE HONORABLE MIKE THOMAS, JUDGE PRESIDING.**

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**WILLIAM H. "BILL" RAY**
**TEXAS BAR CARD NO. 16608700**
**ATTORNEY FOR APPELLANT**

**LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.**
**512 MAIN STREET, STE. 308**
**FORT WORTH, TEXAS 76102**
**(817) 698-9090**
**(817) 698-9092, FAX**
**bill@billraylawyer.com**

FILED IN
COURT OF CRIMINAL APPEALS

\*\*\*ORAL ARGUMENT IS NOT REQUESTED\*\*

July 1, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

JOHNATHAN LEWIS HELM        APPELLANT
    c\o Texas Dept. of Criminal
    Justice, Institutional
    Division, Huntsville, Texas


HONORABLE TERRENCE BAJUK      ATTORNEY FOR APPELLANT
    P.O. Box 210863                  AT TRIAL
    Bedford, Texas   76095


HONORABLE WILLIAM H. RAY      ATTORNEY FOR APPELLANT
    512 Main Street, Ste. 308          ON APPEAL
    Ft. Worth, Texas 76102


HONORABLE SHAREN WILSON      CRIMINAL DISTRICT ATTORNEY
    401 W. Belknap St.             TARRANT COUNTY, TEXAS
    Ft. Worth, Tx. 76196-0201

HONORABLE JAMES GIBSON      ASSISTANT CRIMINAL DISTRICT
    401 W. Belknap St.             ATTORNEY
    Ft. Worth, Tx. 76196-0201       TARRANT COUNTY, TEXAS


HONORABLE MIKE THOMAS      JUDGE, CRIMINAL DISTRICT
    401 W. Belknap St.             COURT NUMBER FOUR
    Ft. Worth, Texas 76196         TARRANT COUNTY, TEXAS


HONORABLE LISA McMINN      STATE PROSECUTING
    P.O. Box 13046                  ATTORNEY
    Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     2

INDEX OF AUTHORITIES     4

STATEMENT CONCERNING ORAL ARGUMENT     5

STATEMENT OF THE CASE     5

STATEMENT OF THE PROCEDURAL HISTORY     6

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE     7

     THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT
     APPELLANT SEXUALLY ASSAULTED THE COMPLAINANT
     IN THE STATE OF TEXAS, IN THAT THE ONLY TESTIMONY
     ON THIS MATTER WAS IMPEACHMENT EVIDENCE OF THE
     COMPLAINANT, WHO DENIED APPELLANT HAD EVER
     SEXUALLY ASSAULTED HER IN THE STATE OF TEXAS

PRAYER     11

CERTIFICATE OF SERVICE     12

CERTIFICATE OF COMPLIANCE     12

## INDEX OF AUTHORITIES

Cases                                                                        Page

*Barley v. State, 906 S.W.2d 27 (Tex.Crim.App. 1995)*                         *9*

*Cherb v. State, 472 S.W.2d 273, 279 (Tex.Crim.App. 1971)*                    *8*

*Hughes v. State, 4 S.W.3d 1, 5 (Tex.Crim.App. 1999)*                         *9*

*Jackson v. Virginia, 443 U.S.307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*     *11*

*Key v. State, 492 S.W.2d 514, 516 (Tex.Crim.App.1973)*                       *8*

*Klein v. State, 191 S.W.3d 766, 782 (Tex.App. – Fort Worth, 2006),*          *9*
*    reversed 273 S.W.3d 297 (Tex.Crim.App. 2008)*

*McMurrough v. State, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth*             *11*
*    1999, no pet.)*

*Miranda v. State, 813 S.W.2d 724, 735 (Tex.App.– San Antonio, 1991,*         *8*
*pet.ref'd)*

*Shivers v. State, 374 S.W.2d 672 (Tex.Crim.App. 1964)*                       *8*

*Villyard v. State, 01-13-00589 (Tex.App-Houston [1ˢᵗ Dist.],*                *9*
*    May 15, 2014)*

*Wall v. State, 417 S.W.2d 59; (Tex.Crim.App/ 1967)*                          *8*

*Williams v. State, 565 S.W.2d 63 (Tex.Crim.App. 1978)*                       *8*

Statutes

*Rule 607, Texas Rules of Evidence*                                           *8*

*Rule 801 (e)(1)(B), Texas Rules of Evidence*                                 *10*

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument is not necessary in this case.

**STATEMENT OF THE CASE**

This is an appeal from a felony conviction and sentence for the offenses of Sexual Assault of a Child (Count Two) and Prohibited Sexual Conduct (Count Three). Appellant was charged by indictment in cause number 1276053D with the offenses of Continuous Sexual Abuse of a Child Under 14 (Count One), Aggravated Sexual Assault of a Child (Count Two), Sexual Assault of a Child (Count Three), and Prohibited Sexual Conduct (Count Four). Originally, the State waived counts one, two, and three, and intended to proceed on count four only. CR, Pages 68-69, RR-2, Page 4. Ultimately, the State waived count two, and proceeded on the other three, with count three becoming count two, and count four becoming count three respectively.

The jury found Appellant not guilty in count one, and guilty in counts two and three. CR, Pages 95-96; 111-119; RR-4, Pages 93-94.

Appellant elected for the jury to assess punishment. The jury sentenced Appellant to twenty years in count two and ten years in count three, in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered that the sentences run consecutively. CR, Pages 107-108, 112-119; RR-5,

Pages 29-33.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on January 15, 2015. Notice of Appeal was timely filed. Appellant timely filed his brief in the Court of Appeals on June 17, 2014. The State timely filed its brief on September 26, 2014.

The case was submitted to the Court of Appeals, without oral argument, on October 31, 2014. The Court of Appeals affirmed Appellant's conviction on June 4, 2015. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

## GROUND FOR REVIEW NUMBER ONE

**THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT
APPELLANT SEXUALLY ASSAULTED THE COMPLAINANT IN
THE STATE OF TEXAS, IN THAT THE ONLY TESTIMONY
ON THIS MATTER WAS IMPEACHMENT EVIDENCE OF THE
COMPLAINANT, WHO DENIED APPELLANT HAD EVER
SEXUALLY ASSAULTED HER IN THE STATE OF TEXAS**

The State failed to prove venue in this case. The complainant testified that she had sex with Appellant, and ended up getting pregnant, but the sex did not occur in Tarrant County. The complainant specifically stated that *nothing* happened at Noel Ranch, which is the street she lived on in Tarrant County with Appellant. RR-3, Pages 73-74 and 80. The complainant testified that she had sex with Appellant in Oklahoma one time in November of 2010 and never had sex with Appellant in Texas. RR-3, Pages 89, and 96-97.

The Court of Appeals held that since Appellant did not make a specific request for a limiting instruction at the time the evidence was admitted, there was no error. Opinion, pages 2-5. Further, the Court of Appeals stated that the complainant wrote a letter, admitted without objection, that specifically stated that Appellant had sex with her in Fort Worth. Opinion, at page 4. This letter, State's Exhibit 5A, does not confirm the Court of Appeals statement. Specifically, Fort Worth is not mentioned in the letter. The complainant repeatedly testified that she only had sex with Appellant in Oklahoma.

Testimony admitted only for impeachment purposes is without probative value and cannot be considered as substantive evidence to support a judgment. *Key v. State, 492 S.W.2d 514, 516 (Tex.Crim.App.1973)*; *Williams v. State, 565 S.W.2d 63 (Tex.Crim.App. 1978)*. The jury may consider the inconsistency as damaging to the witness's credibility, but may not use the evidence substantively. A statement admitted only for impeachment purposes, is without probative value and cannot be considered in determining the sufficiency of the evidence to support the conviction. This has been the law for a long time. *Cherb v. State, 472 S.W.2d 273, 279 (Tex.Crim.App. 1971)*; *Wall v. State, 417 S.W.2d 59; (Tex.Crim.App/ 1967)*; *Shivers v. State, 374 S.W.2d 672 (Tex.Crim.App. 1964)*.

There has always been a danger that a party may attempt to use a prior inconsistent statement under the guise of impeachment for the primary purpose of placing before the jury evidence which is not otherwise admissible and which may be treated as substantial evidence. To prevent this was the purpose of the formerly required showing of surprise and damage or injury to the calling party's cause before such testimony was elicited. This is still improper conduct under both the federal and state versions of *Rule 607, Tex.R.Evid.,* which are almost identical. See *Miranda v. State, 813 S.W.2d 724, 735 (Tex.App.– San Antonio, 1991, pet.ref'd)*. A prior inconsistent statement may only be used for impeachment, not

as substantive evidence, unless it otherwise falls within an exception to the hearsay rule. ***Villyard v. State, 01-13-00589 (Tex.App-Houston [1st Dist.], May 15, 2014.)***

This Court has not squarely addressed this issue. See ***Barley v. State, 906 S.W.2d 27 (Tex.Crim.App. 1995)***; ***Hughes v. State 4 S.W.3d 1, 4 (Tex.Crim.App. 1999)***. This Court considered the issue in ***Klein v. State, 191 S.W.3d 766, 782 (Tex.App. – Fort Worth, 2006), reversed 273 S.W.3d 297 (Tex.Crim.App. 2008)***. This Court held, at 782 and citing Hughes, supra, that

> "The Texas Court of Criminal Appeals limits such attacks: [T]he State's knowledge that its own witness will testify unfavorably is a factor the trial court must consider when determining whether the evidence is admissible under Rule 403.... [A] trial court abuses its discretion under Rule 403 when it allows the State to admit impeachment evidence for the primary purpose of placing evidence before the jury that was otherwise inadmissible. [Such] impeachment evidence must be excluded under Rule 403's balancing test because the State profits from the witness' testimony only if the jury misuses the evidence by considering it for its truth. Consequently, any probative value the impeachment testimony may have is substantially outweighed by its prejudicial effect. ***Hughes v. State, 4 S.W.3d 1, 5 (Tex.Crim.App. 1999)***."

The Court of Criminal Appeals reversal in ***Klein, supra,*** was premised on the idea that the complainant's testimony at trial was a recent fabrication and inconsistent testimony, as the complainant had testified that the Appellant had sexually assaulted her and also had not sexually assaulted her, and was then admissible under ***Rule 801 (e)(1)(B) of the Texas Rules of Evidence***. Appellant submits therefore, that the rule of law on a witnesses' complete denial of an

offense is still good law. The only direct testimony of the complainant that Appellant sexually assaulted her was that such act happened outside the jurisdiction of the State of Texas. RR-3, Pages 73-74, 80, 89, and 96-97.

In the present case, the State did exactly what the rule of law should prevent. In its opening statement, the prosecutor told the jury:

> "And part of what Mark [co-prosecutor] was saying yesterday about this case being interesting is that we don't know what [the complainant] is going to say now." RR-3, Page 15.

The State called an impeachment witness before calling the complainant because the State knew she was not going to testify that Appellant had sexually assaulted her in Texas. The prosecutor cannot claim surprise because he had interviewed the complainant in the jail the day before. RR-3, Page 67.

Given that there was no proper evidence to substantiate the allegations of sexual misconduct as alleged, Appellant submits that no rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. For these reasons, Appellant submits that the evidence of impeachment was improperly considered for substantive evidence, and when that evidence is not considered, as should be the case, the evidence was insufficient to support a finding of guilty in Counts Two and Three. *Jackson v. Virginia, 443 U.S.307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*.

The Court of Appeals' holding that the lack of a limiting instruction request is dispositive is not the correct analysis. The only substantive evidence is that the State did not prove venue in Texas. Impeachment evidence on this issue is not proper evidence, and not substantive as proof of venue or any other element.

Appellant submits that the testimony had a significant or injurious effect on the jury's verdict such that his substantial rights were affected. *McMurrough v. State, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth 1999, no pet.)*. *Klein, supra at 785*.

Appellant submits that venue was not proven, even by a preponderance. Accordingly, the evidence was insufficient to sustain Appellant's conviction.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse his conviction and enter a judgment of acquittal.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX

**CERTIFICATE OF SERVICE**

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the office of Sharen Wilson, Criminal District Attorney, Criminal District Attorney of Tarrant County, Texas, 401 W. Belknap St. Ft. Worth, Tx. 76196-0201 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections, on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that this Petition for Discretionary Review filed in this case, has 2141 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00043-CR

| | | |
|---|---|---|
| Johnathan Lewis Helm | § | From Criminal District Court No. 4 |
| | § | of Tarrant County (1276053D) |
| v. | § | June 4, 2015 |
| | § | Opinion by Justice Gardner |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By /s/ Anne Gardner_____
    Justice Anne Gardner



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00043-CR

JOHNATHAN LEWIS HELM                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1276053D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant guilty of sexual assault of a child under seventeen and of prohibited sexual conduct and assessed his punishment at twenty years' and ten years' imprisonment, respectively. The trial court ordered the punishments to run consecutively. Appellant brings one point attacking the sufficiency of the evidence. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## The Evidence

K.A., the complainant, was Appellant's stepdaughter. K.A. turned sixteen in November 2010 shortly before Thanksgiving. K.A. said she and Appellant had sex together during Thanksgiving in November 2010 in Oklahoma. However, on other occasions, K.A. said the sex occurred in their home in Fort Worth, Texas. K.A. had a baby in August 2011. DNA showed Appellant was the father.

Appellant admitted having sex with K.A. on Thanksgiving in Oklahoma in 2010. Appellant conceded doing some research on the charges against him and said he thought the age of consent in Oklahoma was sixteen.

## Appellant's Point

In one point, Appellant contends the evidence is insufficient to prove he sexually assaulted K.A. in the State of Texas because the only evidence showing the offense occurred in Texas was impeachment evidence, which Appellant maintains had no probative value. *See Williams v. State*, 565 S.W.2d 63, 65 (Tex. Crim. App. 1978) (stating that evidence admitted for a limited purpose may not be used for another purpose); *Key v. State*, 492 S.W.2d 514, 516 (Tex. Crim. App. 1973) (holding that evidence admitted only for impeachment purposes has no probative value and cannot be used when determining sufficiency of the evidence); *Cherb v. State*, 472 S.W.2d 273, 279 (Tex. Crim. App. 1971) (same). Appellant argues venue was an element of the offenses and had to be proved beyond a reasonable doubt.

2

## Discussion

Venue is not an element of Appellant's two offenses. *See* Tex. Penal Code Ann. §§ 22.011(a)(2)(A), 25.02(a)(2) (West 2011); *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). Venue need be proven by only a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (West 2015); *Black v. State*, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983), *overruled on other grounds by Schmutz*, 440 S.W.3d at 37–39 (holding venue error does not require automatic reversal but is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure). Evidence is sufficient to prove venue if a jury may reasonably conclude that the offense was committed in the county alleged. *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet ref'd); *Schmutz v. State*, No. 06-12-00059-CR, 2013 WL 1188994, at *2 (Tex. App.—Texarkana March 22, 2013) (mem. op., not designated for publication), *aff'd*, 440 S.W.3d at 31.

The party opposing evidence has the burden of objecting and requesting a limiting instruction when the other party introduces the evidence. *Turro v. State*, 950 S.W.2d 390, 400 (Tex. App.—Fort Worth 1997, pet. ref'd). If evidence is received without a proper limiting instruction, it becomes part of the general evidence in the case and may be used as proof to the full extent of its rational persuasive power. *See* Tex. R. Evid. 105(b)(1); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Navarro v. State*, 280 S.W.3d 405, 406–07 (Tex. App.—Amarillo 2008, no pet.) (stating where prior inconsistent statement of

3

assault victim was offered to impeach her at trial and was admitted without a limiting instruction, it was admissible for substantive purposes; court sustained the jury's finding of guilty in face of challenge to legal sufficiency on appeal); *Turro*, 950 S.W.2d at 400.

K.A.'s earlier statements identifying Fort Worth as the location of the offenses came into evidence on numerous occasions. For example, the investigator from Child Protective Services, over a hearsay objection, said K.A. told her the abuse happened in their home in Fort Worth. *See Poindexter v. State*, 153 S.W.3d 402, 406–09 (Tex. Crim. App. 2005) (holding that once a trier of fact has weighed the probative value of otherwise inadmissible hearsay evidence, an appellate court cannot deny that evidence probative value or ignore it in its sufficiency review). K.A. herself later twice admitted that she had told the CPS investigator the offenses happened in their house in Fort Worth. Over a leading objection, K.A. admitted writing the criminal investigator a letter in which she identified Fort Worth as the location of the offenses. The letter itself was admitted without any objection. K.A. even admitted telling the criminal investigator it all occurred in Fort Worth. Finally, the caseworker from the adoption center that K.A. had used said—again without any objection—that K.A. reported to the center's admissions department that the sexual encounter happened in Fort Worth. On none of these instances did Appellant request contemporaneous limiting instructions when the evidence was admitted. We hold the evidence was admitted for all purposes. *See* Tex. R. Evid. 105(b)(1).

4

With this evidence, we hold that a jury could have reasonably concluded that the offense was committed in Tarrant County as alleged. *See Knabe*, 836 S.W.2d at 839. We overrule Appellant's point.

## Conclusion

Having overruled Appellant's point, we affirm the trial court's judgments on the two counts.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 4, 2015

5